# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSE ANTONIO NIEVES,       )
                                    )
              Petitioner,      )
                                    )
              v.             )     1:05CV459
                                    )     1:03CR42-1
UNITED STATES OF AMERICA,    )
                                    )
            Respondent.    )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jose Antonio Nieves, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and to possessing firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). (Docket nos. 1, 25 (criminal case)) The court sentenced him to a total of 295 months in prison. (Id. docket no. 35) Petitioner appealed, but the Fourth Circuit dismissed the appeal. (Id. docket no. 51)

Petitioner then filed this section 2255 motion, raising two grounds for relief. (Docket no. 1)[1] Petitioner claims that this court should declare United States v. Booker, 543 U.S. 220 (2005), to be retroactively applicable on collateral review. (Docket no. 1 at 5) Petitioner also claims that based on Booker, his substantial rights were violated at sentencing. (Id. at 6) Respondent has responded to

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

Petitioner's motion. (Docket no. 5) Petitioner has filed a reply brief. (Docket no. 7) The matter is now ready for ruling.

## DISCUSSION

Both of Petitioner's claims are based on <u>Booker</u>. The Fourth Circuit has recently held that <u>Booker</u> was a "new rule" of criminal procedure under <u>Teague v. Lane</u>, 489 U.S. 288 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners . . . whose convictions became final before <u>Booker</u> (or <u>Blakely</u>) was decided." <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Petitioner's conviction became final 90 days after the Fourth Circuit's entry of judgment on May 3, 2004. <u>Clay v. United States</u>, 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). <u>Booker</u> was decided in 2005, thus it would have to be applied retroactively to benefit Petitioner. As retroactive application cannot be done under <u>Morris</u>, both of Petitioner's claims should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
December 19, 2005

-2-